IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian T. Eaglin, ) | C/A No. 0:14-4003-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Larry Cartledge, *Warden*; Florence Mauney, ) | |
| *Ass. Warden*; Curtis Earlly; Richard Turner; ) | |
| Williams, *Captain*; Vernon Miller, *Captain*; ) | |
| Susan Duffy, *Captain*; Springs, *Captain*; ) | |
| Kevin Horn, *Lieutenant*; Wessinger, ) | |
| *Lieutenant*; Thurber, *Sergeant*; Daniel Cotter, ) | |
| *Sergeant*; Palmer, *Sergeant*; Blackburn, ) | |
| *Sergeant*; McCall, *Sergeant*; Ragland, ) | |
| *Sergeant*; Valero, *Sergeant*; Christopher T. ) | |
| Dillard, *c/o*; Gardner, *#053548, c/o*; N. ) | |
| Morgan, *c/o*; Boatwrite, *c/o*; R. Martin, ) | |
| *#053630, c/o*; Luvett, *c/o*; Brown, *c/o*; Merck, ) | |
| *c/o*; Hagan, *Investigator*; C. Hindenburg, II, ) | |
| *G.C.*; Nancy Murchant, *Mail Clerk*; Tamara ) | |
| Conwell, *Mail Clerk*; Benjamin Lewis, *Doctor*; ) | |
| Ame Enloe, *Nurse Practitioner*; Mathew L. ) | |
| Harper, *Nurse Administrator*; Katherine W. ) | |
| Burgess, *Nurse*; Lindsey Harris, *Nurse*; Dawn ) | |
| R. Chase, *Nurse*; Fish, *Sergeant*; Bryant ) | |
| Sterling, *Director*; Bryan Degeogis; Cashwell, ) | |
| *Lieutenant*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Adrian T. Eaglin, a self-represented state prisoner, filed this action pursuant to 42

U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on various motions filed by

Eaglin.

Page 1 of 3

## I.    Motion to Amend/Correct Amended Complaint

The court authorized service of process of Eaglin's Complaint on November 14, 2014.  (ECF No. 12.)  On November 24, 2014, Eaglin filed a document entitled "Amended Motion to Complaint."  (ECF No. 16.)  Pursuant to Federal Rule of Civil Procedure 15(a)(1), the court construed and docketed this filing as an Amended Complaint.

On December 17, 2014, Eaglin re-filed the identical document, which the Clerk of Court docketed as a motion to amend the Amended Complaint.  As any claims in this filing have been previously raised in the Amended Complaint in this matter, this motion is hereby terminated as moot. (ECF No. 23.)  In light of this ruling, Eaglin's motion seeking a ruling on his motion to amend is hereby terminated as moot (ECF No. 30), and his motion seeking sanctions against the defendants for statements made in their memorandum in opposition to his motion to amend is hereby denied (ECF No. 33).

## II.    Motion for Entry of Default

Eaglin's motion seeks entry of default against the defendants due to the "impossible" date requested in their motion for extension to file their answer or otherwise plead.  (ECF No. 22.) Review of the defendants' motion for extension, which was timely filed on December 2, 2014, reveals that the date requested by the defendants—January 23, 2014—contained a clear typographical error in the requested calendar year.  (See ECF No. 17.)  This motion was granted by docket text order on December 4, 2014.  (ECF No. 18.)

Federal Rule of Civil Procedure 55(a) clearly states that the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  The court also notes that, as a general matter, the law disfavors default



judgments. Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d

949, 950 (4th Cir. 1990). The defendants' time in which to answer or otherwise plead has not yet

expired, and thus entry of default is not appropriate at this time.[1] Accordingly, Eaglin's motion for

an entry of default is hereby denied. (ECF No. 22.) The defendants have moved for additional time

to file an answer or otherwise plead to Eaglin's Amended Complaint. (ECF No. 32.) This motion

is granted.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2015
Columbia, South Carolina

---

[1] Eaglin has filed motions entitled "motion to petition for judgment on the pleadings" in which he actually appears to seek reconsideration of the court's order granting the defendants' motion for an extension of time and a ruling on his motion for an entry of default. (ECF Nos. 29 & 31.) These motions are denied.