IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Adrian T. Eaglin, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Action No.: 0:14-cv-04003-TLW-PJG |
| Larry Cartledge, *Warden*; Florence Mauney, *Ass. Warden*; Curtis Earlly; Richard Turnner; Williams, *Captain*; Vernon Miller, *Captain*; Susan Duffy, *Captain*; Springs, *Captain*; Kevin Horn, *Lieutenant*; Wessinger, *Lieutenant*; Thurber, *Sergeant*; Daniel Cotter, *Sergeant*; Palmer, *Sergeant*; Blackburn, *Sergeant*; McCall, *Sergeant*; Ragland, *Sergeant*; Valero, *Sergeant*; Christopher T. Dillard, *c/o*; Gardner, *#053548, c/o*; N. Morgan, *c/o*; Boatwrite, *c/o*; R. Martin, *#053630, c/o*; Luvett, *c/o*; Brown, *c/o*; Merck, *c/o*; Hagan, *Investigator*; C. Hindenburg, II, *G.C.*; Nancy Murchant, *Mail Clerk*; Tamara Conwell, *Mail Clerk*; Benjamin Lewis, *Doctor*; Ame Enloe, *Nurse Practitioner*; Mathew L. Harper, *Nurse Administrator*; Katherine W. Burgess, *Nurse*; Lindsey Harris, *Nurse*; Dawn R. Chase, *Nurse*; Fish, *Sergeant*; Bryant Sterling, *Director*; Bryan Degeogis; Cashwell, *Lieutenant*, | ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|         Defendants. | ) ) |

Plaintiff, Adrian T. Eaglin ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 on or about October 15, 2014 alleging violations of his

1

constitutional rights related to his confinement at Perry Correctional Institution ("PCI"). (Doc. #1). Plaintiff filed an Amended Complaint on November 20, 2014.[1] (Doc. #16).

This matter now comes before the Court for review of the Report and Recommendation ("the Report") issued on January 22, 2016 by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2), DSC. (Doc. #139). In the Report, the Magistrate Judge addresses motions for summary judgment filed by Defendants on August 10, 2015.[2] (Docs. #100, 101). Plaintiff filed a response opposing Defendants' motions for summary judgment (Docs. #127; 128), to which the Defendants replied on November 9, 2015 (Docs. #129, 130.).

In the Report, the Magistrate Judge recommends that this Court grant in part and deny in part Defendants' motions for summary judgment. (See Doc. #139). Specifically, the Magistrate Judge recommends this Court grant summary judgment on all claims in favor of Defendant Dillard, Defendant Gardner, and Defendant Boatwrite, and deny summary judgment on one claim against Defendant McCall. (See Doc. #139). Defendants filed Objections to the Report on February 8, 2016. (Doc. #141). Plaintiff did not file any direct Objections to the Report and Recommendation. On March 22, 2016, Plaintiff filed a document captioned "Objection & Settlement Offer to Defendant McCall." (Doc. #144). In that filing, Plaintiff recounted that the Report recommended one claim against Defendant McCall survive, and offered to settle his claim with Defendant McCall for $79,000. (Doc. #144). Plaintiff did not specifically object to the recommended grant of summary judgment in favor of Defendants on the other claims.

---

[1] A document is considered filed on the date it was properly delivered to prison officials for mailing to the court. Houston v. Lack, 487 U.S. 266 (1988).

[2] Defendant Christopher T. Dillard (hereinafter "Defendant Dillard") filed a motion for summary judgment as to the claims asserted against him (Doc. #100) and all other Defendants jointly filed a motion for summary judgment as to all other claims in the case (Doc. #101).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge sets forth in detail the relevant facts and standards of law. (Doc. #139). The Court incorporates the Magistrate Judge's recitation of the facts and the legal standards herein. Defendants object to the Report to the extent it recommends denying summary judgment as to Plaintiff's Eighth Amendment claim against Defendant McCall involving alleged denial of decontamination. Defendants' two objections essentially restate arguments made in Defendants' motion for summary judgment.

First, Defendants object to the Magistrate Judge's finding that Plaintiff has properly exhausted the claim through the prison grievance process. The Court accepts the Magistrate Judge's finding that Plaintiff sufficiently exhausted his administrative remedies as to the claim

involving denial of decontamination against Defendant McCall. (See Doc. #139 at 12 n.9). Next, Defendants assert that "Plaintiff's constitutional rights were not violated on the issue of being allowed to decontaminate." (Doc. #141 at 3). This objection is overruled. There is a distinction between a court concluding as a matter of law that a constitutional violation occurred, and a court finding that material facts related to a claim are in dispute such that the non-movant is entitled to a trial to determine the facts. In this case, the Magistrate Judge did not determine that Plaintiff's constitutional rights had in fact been violated, but instead concluded that genuine issues of "material fact exist[] regarding [Plaintiff's] access to running water for decontamination after Defendant McCall's discharge of chemical munitions on July 22, 2013," (Doc. #139 at 13), thus it would be inappropriate to grant summary judgment in favor of Defendant McCall on that claim.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the relevant filings, the Report and Recommendation, and Defendants' objections. The Report and Recommendation in this matter includes a thorough analysis of each claim and the record, and properly applies the law. After careful consideration, **IT IS ORDERED** that the Report and Recommendation (Doc. #139) is **ACCEPTED.** Accordingly, Defendant Dillard's Motion for Summary Judgment (Doc. #100) is **GRANTED**; remaining Defendants' Motion for Summary Judgment (Doc. #101) is **GRANTED IN PART** and **DENIED IN PART**. More specifically, for the reasons articulated by the Magistrate Judge, Defendants' motion for summary judgment (Doc. #101) is denied with respect to the following claim: (1) Plaintiff's Eighth Amendment claim relating only to the July 22, 2013 incident against Defendant Ryan McCall. Defendants' motion for summary judgment (Docs. #101) is granted with respect to all other claims and defendants.[3]

---

[3] Defendant Christopher Dillard filed his motion for summary judgment separate from the other defendants (Doc. #100). That motion for summary judgment is granted in its entirety.

In light of this Court's acceptance of the Magistrate Judge's Report and Recommendation resulting in certain claims surviving summary judgment, the Magistrate Judge is hereby directed: (i) to seek written Consent from all parties to conduct all proceedings in this matter, including trial, before the Magistrate Judge; (ii) as the next stage in this matter, absent settlement, is trial, to enter a Scheduling Order in the above-captioned action; and (iii) to appoint counsel to represent the Plaintiff should the case proceed to trial pursuant to the District Court process relating to payment of costs and expenses.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
TERRY L. WOOTEN  
Chief United States District Judge

March 31, 2016  
Columbia, South Carolina