IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Adrian T. Eaglin, | ) | C/A No. 0:14-4003-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| McCall, *Sergeant*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on remand following the plaintiff's appeal from a jury trial in his civil rights action that resulted in a verdict for the defendant. By order and opinion entered May 10, 2017, the United States Court of Appeals for the Fourth Circuit affirmed the judgment but vacated this court's docket text order overruling the plaintiff's written objection regarding jury questionnaires and remanded "for further proceedings on this issue." (See Opinion, ECF No. 215; Docket Text Order, ECF No. 179; Plaintiff's Objection, ECF No. 178.) The mandate issued July 10, 2017.

The issue back before the court stems from the plaintiff's challenge to what he characterizes as the "sealing" of juror questionnaire responses. After the issuance of the court's standard trial notice and instructions (ECF No. 170), the plaintiff filed a "Notice of Objection to Sealing Jury Questionnaires," in which he stated: "This Court makes jury questionnaires sealed as a matter of course, including the questionnaires in this case. . . . Mr. Eaglin respectfully objects that it is a

violation of statutory law and First Amendment to preclude public access to jury questionnaires that substitute for questioning of the venire in open court." (ECF No. 178.)[1]

In accordance with the instructions from the Fourth Circuit, the court reaffirms that the plaintiff's objection should be overruled. The plaintiff's objection rests on two faulty premises: contrary to his characterization, the jury questionnaires at issue have not been "sealed";[2] nor has public access been "precluded." Rather, access to the jury questionnaire responses has been governed and permitted pursuant to the terms of 28 U.S.C. §§ 1861, et seq. and the District of South Carolina's Jury Plan, which was promulgated pursuant to that statute and approved by the Fourth Circuit Judicial Council. See 28 U.S.C. §§ 1861, et seq.; In re Amended Jury Selection Plan for the Random Selection of Grand and Petit Jurors, No. 3:14-mc-338-TLW (D.S.C. Nov. 19, 2014) (ECF No. 2).

Pertinent here, § 1863(b)(7) requires a jury plan to "fix the time when the names drawn from the qualified jury wheel shall be disclosed to the parties and to the public." 28 U.S.C. § 1863(b)(7). The statute specifically states: "If the plan permits these names to be made public, it may nevertheless permit the chief judge of the district court, or such other district court judge as the plan may provide, to keep these names confidential in any case where the interests of justice so require."

---

[1] The court notes that the plaintiff's objection is directed only toward the voir dire questions in the written generic questionnaires. Additional, case-specific voir dire as well as follow-up questions to juror written questionnaire responses were propounded in open court at jury selection.

[2] After the conclusion of the trial, the *plaintiff* moved that the questionnaire responses of the eight jurors who actually served on the petit jury be placed in the record as sealed entries for purposes of appellate review. The court granted that motion. That appeal now having been concluded, the court directs the Clerk of Court to maintain those questionnaires in the same manner in which it maintains the questionnaires of the other venire members in accordance with the Jury Plan for the District of South Carolina, as approved by the Fourth Circuit Judicial Council. See In re Amended Jury Selection Plan, No. 3:14-mc-338-TLW (D.S.C. Nov. 19, 2014) (ECF No. 2).

Id.  Section 1867(f) pertinently requires that the contents of records or papers used by the clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court's plan.  28 U.S.C. § 1867(f).

Pursuant to those provisions, the Jury Plan for the District of South Carolina similarly provides, in pertinent part:

> **DISCLOSURE OF JUROR NAMES AND RECORDS**:  Names drawn from the qualified jury wheel for petit juries will be available to counsel or a party if proceeding pro se with cases on the relevant trial roster who present an approved request form seven calendar days before the jurors are to appear at the courthouse, provided that the Chief Judge may order the names to be kept confidential in a case or cases when the interest of justice so require. . . .
>
> The contents of records or papers used by the Clerk of Court or her designee in connection with the jury selection process, including juror qualification questionnaires, shall not be disclosed to anyone other than court personnel except as provided in 28 U.S.C. § 1867(f) and in this Plan.  The district's comprehensive questionnaire completed by prospective jurors and the jury list are excluded from this disclosure provision with the responses distributed in accordance with the court's Local Rules.
>
> Names of trial jurors shall not be disclosed to the public or media outside of open court, except upon order of the court.  A request for disclosure of petit juror names to the public or media must be made to the presiding judge. . . .

See In re Amended Jury Selection Plan, No. 3:14-mc-338-TLW (ECF No. 2-1 at 5-6).[3]

Thus, the Plan fixes the time, as required by the statute upon which the plaintiff relies, for disclosure of the names drawn from the qualified jury wheel to the parties and the public—seven calendar days before jury selection.  Further, contrary to counsel's characterization that the questionnaire responses are "sealed," the Plan specifically excludes the comprehensive

---

[3] The 2014 Plan was in effect at the time of trial.  The District's Plan was amended by the court in April of 2017, and again approved by the Fourth Circuit Judicial Council in June of 2017. With minor revisions, the 2017 Plan leaves intact the procedure at issue here.  See In re Amended Jury Selection Plan for the Random Selection of Grand and Petit Jurors, No. 3:17-mc-147-TLW (D.S.C. June 12, 2017) (ECF No. 2).



questionnaires completed by prospective jurors from the provision prohibiting disclosure and expressly provides for their disclosure and distribution in accordance with the court's Local Rules.

The District of South Carolina's Local Rules in turn provide as follows:

> *Use of Juror Questionnaires.* The court may require potential jurors to respond to written questionnaires and may make the responses available to counsel or parties with cases on the relevant trial roster seven (7) days prior to jury selection. Counsel or any other persons obtaining juror questionnaire responses must ensure that the information contained therein is utilized solely for the purpose of evaluating potential jurors for a pending case and is not disseminated for any other purpose. The clerk of court shall institute procedures to draw these requirements and responsibilities to the attention of persons obtaining the questionnaire responses by completing the Juror Questionnaire and List Request form. Any person desiring to obtain the information for any other purpose must petition the court so that an appropriate hearing can be conducted.

Local Civ. Rule 47.02 (D.S.C.).

In the case at bar, no person other than counsel for the parties has sought access to the questionnaire responses in accordance with the Local Rule. Before trial, counsel for Eaglin submitted the requisite form,[4] obtained copies of the completed questionnaires, and had the opportunity to review all questionnaire responses for the purpose of evaluating potential jurors for a pending case. His written objection contains no indication that he desires or desired "to obtain the information for any other purpose." Local Civ. Rule 47.02 (D.S.C.). Moreover, no other person has petitioned the court to obtain the information for any other purpose, which would trigger the hearing referenced in the Local Rule—a hearing at which, in accordance with prevailing First Amendment law and other applicable authority, the court would then identify the source of the person's right at issue and conduct the required balancing test. See Eaglin v. McCall, No. 16-7171, 2017 WL 1951982, at *1 (4th Cir. May 10, 2017) (*per curiam*) (citing Doe v. Pub. Citizen, 749 F.3d 246, 266,

---

[4] (ECF No. 178-2.)

PJG

269 (4th Cir. 2014)). Because the court has received no such request, application of the test would appear premature. Should the court receive such a request, it will of course conduct a hearing in accordance with the Local Rule, the District's Plan, and other applicable law.

To the extent Eaglin seeks to challenge the procedure adopted by the district court by Local Rule and the Plan—promulgated pursuant to federal statute and approved by the Fourth Circuit Judicial Council—the court finds such a challenge to be misplaced. First, he has obtained precisely what he sought—copies of the questionnaire responses for the purpose of selecting a jury—and he has not established how he has standing to assert a right to access on behalf of any other person. See Doe, 749 F.3d at 261 (citing United States v. Hickey, 185 F.3d 1064, 1066 (9th Cir. 1999) (rejecting the proposition that a named party has standing to vindicate the public's right of access)). Nonetheless, in an abundance of caution to ensure compliance with the Fourth Circuit's order of remand, the court alternatively finds that the plaintiff has failed to show that the procedure provided by the Plan and Local Rule violates the First Amendment or applicable statutory law.

As required by precedent, the court begins with identifying the source of right at issue: here, the First Amendment to the United States Constitution. See, e.g., Doe, 749 F.3d at 266. "Under the First Amendment, 'access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest.' " Eaglin, 2017 WL 1951982, at *1 (quoting Doe, 749 F.3d at 266). "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court of California, Riverside Cty., 464 U.S. 501, 510 (1984).

OJG

Applying the First Amendment test regarding court access, the court concludes that the procedure described above, which provides any person access to juror questionnaire responses for jury selection purposes and permits any person to petition the court and receive a hearing to use the information for any other purpose, is essential to preserve higher values. First, it promotes the compelling government interest in a fair trial by an impartial jury. See, e.g., In re S.C. Press Ass'n, 946 F.2d 1037, 1043 (4th Cir. 1991). Interrelated with that higher value is the protection of juror privacy, which courts have recognized as a compelling government interest.[5] See, e.g., United States v. Bonds, No. C 07-00732 SI, 2011 WL 902207, at *5 (N.D. Cal. Mar. 14, 2011); see also Press-Enter. Co., 464 U.S. at 511-12.

The court also concludes that the procedure is narrowly tailored to serve those interests. First, the only less restrictive alternative suggested by the plaintiff is essentially to permit general access to the questionnaire responses for any purpose. See Informal Brief for Plaintiff at 8 n.3, Eaglin v. McCall, No. 16-7171, 2017 WL 1951982 (4th Cir. May 10, 2017). This alternative would afford no protection whatsoever to the overriding, compelling interests identified above. Also, the procedure in the Plan and Local Rules, which generally restricts only the purpose for which the information in the questionnaire responses can be used, is narrowly tailored to protect the compelling interests of privacy and fair trial in that it provides an opportunity for any person to be heard and present specific reasons to be allowed to use the information "for any other purpose." Local Civ.

---

[5] The court emphasizes that the questionnaire at issue is not case-specific and asks private, confidential questions of prospective jurors on an array of sensitive topics. For example, it demands that each prospective juror—including those who may never be empaneled—provide, under penalty of perjury, responses pertaining to their criminal record, their health, whether they have ever been a victim of crime (which would include rape or other violent crimes), and their drug and alcohol abuse and treatment history.

Rule 47.02 (D.S.C.); see also In re Amended Jury Selection Plan, No. 3:14-mc-338-TLW (ECF No. 2-1 at 6) (referencing "distribution in accordance with the court's Local Rules"). Under the Plan and the Local Rule, the press and public have the opportunity to petition the court and obtain a hearing as to whether they may obtain the responses for a use other than jury selection. Such a hearing then permits the court, in the context of the specific request, to conduct the required balancing test in light of the reason given for the request for access beyond jury selection purposes and weigh that against the higher values identified, including an impartial jury and privacy interests, and then consider appropriate case-specific alternatives to ensure that any continued restriction on the use of the information is narrowly tailored to serve those interests.

For all of the foregoing reasons, the court concludes that the plaintiff's objection is moot because he has received what he requested. Additionally, he lacks standing to assert a right of access on behalf of any other person. Alternatively, the court finds the procedure in the District's Jury Plan and Local Rules providing a hearing to any requester who wishes to use information contained in jury questionnaire responses for a purpose other than jury selection to be narrowly tailored to protect the various higher values identified above.

The plaintiff's objection is therefore OVERRULED.

**IT IS SO ORDERED.**

August 16, 2017
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE